PECK *v.* HOPCROFT.

1. LANDLORD AND TENANT—CONSTRUCTION OF LEASE—PARTIES BOUND
   BY THEIR CONSTRUCTION.

   Parties to a lease should be bound by the construction which
   they placed on its provisions in reference to installing equip-
   ment in leased building.

2. COMPROMISE AND SETTLEMENT—SETTLEMENT BINDING.

   Where lessee advanced money to lessor which was to be repaid or
   allowed on rental as it accrued, and on three occasions the par-
   ties assumed to settle their accounts, after which lessee paid
   rent for nearly a year, he is not entitled to recover money now
   claimed to have been owing to him by lessor at the time said
   settlements were had.

Appeal from Wayne; Sample (George W.), J.,
presiding. Submitted January 17, 1930. (Docket
No. 40, Calendar No. 34,580.) Decided March 6,
1930.

Bill by Hiram A. Peck against Leo J. Hopcroft
and another for an accounting. Defendants filed a
cross-bill for rent due and interest. From a decree
dismissing bill and granting relief on defendant's
cross-bill, plaintiff appeals. Affirmed.

*Lucking, Van Auken & Sprague* and *Harry H.
Wait,* for plaintiff.

*Frederick S. Baker* (*Maxwell W. Benjamin,* of
counsel), for defendants.

SHARPE, J. Prior to April, 1926, plaintiff had
been operating a bowling alley and billiard room
on Randolph street, in Detroit, under a lease expir-

ing June 1st of that year. Negotiations between the parties were had looking to the defendant's erecting a building on East Jefferson avenue for the continuance of plaintiff's business. On the expiration of his lease, plaintiff stored his fixtures and equipment in anticipation of the completion of defendant's building. Plans were secured and submitted to plaintiff, and on July 20, 1926, before construction had begun, a lease was entered into for the second and third floors of the building for a period of five years and nine months subsequent to September 1st at a monthly rental of $416.66 for the first three years and $450 for the balance of the term.

The plaintiff from time to time made certain advances to defendant, which were to be paid or allowed on rental as it accrued. On October 11, 1926, defendant secured a mortgage loan upon the building, out of the proceeds of which he paid plaintiff $3,066.64. The building was completed so that plaintiff had access thereto in the month of October, but did not open his billiard hall and bowling alley to the public until December 22, 1926. On January 18, 1927, he drew and signed the following receipt:

"Received the balance owing from Leo J. Hopcroft, rent receipts on second and third floors of building, 1126 E. Jefferson avenue, in full for all moneys advanced on construction of building, to date hereof."

On the same day defendant gave plaintiff a receipt reading as follows:

"Received from Hiram A. Peck, $1,249.98, rent for second and third floor of building, 1126 E. Jefferson avenue for the months of December, 1926,

January, 1927, and February, 1927, at $416.66 per month, $1,249.98.''

In April, 1927, there was dispute over a claim made by defendant for the use of a garage by plaintiff for storing his equipment, and defendant began suit in justice's court therefor. Through the kindly offices of Mr. Baker, plaintiff's then attorney, a settlement was had. Mr. Baker wrote both parties on April 18th:

''In the matter of the arbitration referred to me by you relative to any and all outstanding claims existing between you on old accounts and which were comprehended in the matter of reference to me, I have reached a decision whereby after due consideration, I find that Hiram A. Peck is indebted to L. J. Hopcroft in the sum of $320, which amount should be paid by Hiram A. Peck to L. J. Hopcroft, in full settlement and especially in covering rent for garage and the repair of one show case, it being understood and agreed that all other matters in dispute have been settled between the respective parties; and upon the payment of the said sum, the parties have settled their differences and harmony exists.

''In making this decision, I consider that both of the parties to this reference have acted very considerately and fairly, and in the spirit of good feeling. Please advise this office when settlement is effected.''

The sum of $3.50 for costs was added to the $320, and payment thereof made by plaintiff to defendant. Plaintiff thereafter paid the rent as stipulated in the lease until the month of March, 1928. Defendant began suit for the instalment then due, whereupon plaintiff filed the bill of complaint herein, praying that an accounting be had. In the account annexed to the original bill it appeared that there

was due him $2,181.31. In that annexed to an amended bill this amount was increased to $2,732.62.

The defendants answered, setting up the settlements had, above referred to, and by cross-bill prayed for decree for rent then due and interest thereon and damages for its unlawful withholding.

The trial court dismissed the bill, and entered a decree on the cross-bill in favor of defendants for rent due and interest thereon in the sum of $3,413.82. Plaintiff has appealed.

On three occasions these parties assumed to adjust and settle their accounts. When defendant gave plaintiff his check for $3,066.44 on October 11, 1926, the amount thereof would indicate that a computation had been made to arrive at it. Plaintiff now claims there was at that time still due him the sum of $1,016.66. When receipts were exchanged on January 18, 1927, defendant acknowledged payment of $1,249.98 for three months' rent. Plaintiff's receipt to him "for all moneys advanced on construction of building, to date hereof" was drawn by plaintiff himself. It is defendant's claim that the $1,249.98 overpaid plaintiff in the sum of $30.46. Plaintiff soon after gave defendant a check for this amount. It is, however, included in his account. When the differences arose over the rent of the garage, in April, 1927, plaintiff again had an opportunity to assert a claim for any money then due him. His statement of account attached to his amended bill contains items paid by him for defendant during the 30 days preceding this settlement, amounting to $142.57. And yet, on the advice of his attorney, who acted as a referee in the matter, he paid the amount claimed by defendant in full. He continued to pay rent each month for nearly a year thereafter without protest or claim that defendant

was indebted to him, although, as he now claims, defendant was owing him at the time of such payments more than $2,000, a sum so large that it seemingly could not have been overlooked. The items he now makes claim for are largely sums expended by him in installing certain of the equipment in the premises leased. In our opinion, the parties themselves placed a construction upon the provisions of the lease in this respect, and should be bound thereby.

It also appears that in October, 1926, at a time when, as plaintiff's account now shows, defendant was owing him over $1,300, plaintiff asked defendant to loan him money; that defendant borrowed $2,000 from another party and loaned it to him, and that plaintiff some time after repaid this money to defendant.

We find no evidence of any fraud practiced upon plaintiff at the time these settlements were made. The claim that they should be avoided for this reason is thus stated by his counsel:

"Because the settlement was procured by defendants' false representations to the effect that plaintiff had made no advancements to defendants between October 30, 1926, and January 18, 1927."

Surely, the plaintiff at these times knew quite as well as did the defendant whether he had made advancements for which he was entitled to credit. He was apparently a competent and successful business man.

A careful examination of the record does not satisfy us that the defendant is indebted to the plaintiff in the sum claimed, or in any amount which can be specifically stated. While the law favors settlements, yet, if the preponderance of the evidence

showed an indebtedness of the defendant to the plaintiff, it should be awarded to him. We cannot so find, and can but conclude that the claim plaintiff now asserts is but an afterthought on his part, induced by the dispute over the rental of the garage, which he settled on the advice of his then attorney.

The decree dismissing the bill is affirmed, with costs to appellees.

WIEST, C. J., and BUTZEL, CLARK, POTTER, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.